UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
99 MAR 23 AM 10:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

JOE MATTHEW JONES, )
)
    Plaintiff, )
)
v. )   Civil Action No. 98-S-2613-NE
)
DANIEL S. GOLDEN, )
Administrator, NASA; )
JANET RENO, Attorney General )
of the United States; )
G. DOUGLAS JONES, United )
States Attorney for the )
Northern District of Alabama, )
)
    Defendants. )

ENTERED
MAR 2 3 1999

## MEMORANDUM OPINION

Plaintiff, Joe Matthew Jones, proceeding *pro se*, commenced this action on October 10, 1998, seeking redress under several federal statutes and also asserting a supplemental state law claim for intentional infliction of emotional distress. He seeks reinstatement at NASA's Marshall Space Flight Center in Huntsville, Alabama, or an award of "$5,000,000 for intentional infliction of emotional distress." (Complaint, ¶ 5.) The action presently is before the court on the following motions: (1) plaintiff's motion to amend his complaint (Doc. No. 17); (2) defendants' motion to dismiss and for more definite statement (Doc. No. 5) (and supplemental motion, Doc. No. 10); and (3) defendants' motion to dismiss defendants Reno and Jones.

## I. MOTION TO AMEND

Without objection from defendants (see defendants' response, Doc. No. 21, at 2), the court will grant plaintiff's motion to amend.

## II. MOTION TO DISMISS

Plaintiff has filed a more definite statement in response to defendants' motions. (Doc. No. 18.) Defendants' supplemental motion to dismiss and for more definite statement merely addresses a potential claim that defendants' had not addressed in their initial motion. The court, therefore, will consider defendants' motions to dismiss and for more definite statement together, as a single motion, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6) and for more a definite statement pursuant to Rule 12(e).

Considering the complaint as amended, plaintiff seeks to assert causes of action under the following statues[1]: (1) Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et seq.; (2) 5 U.S.C. § 2302(b)(8) of the Whistleblower Protection

---

[1] Plaintiff lists 42 U.S.C. § 290-3(f). The court could find no such statute, nor any similar provision that plaintiff may have intended to list. Plaintiff also alleges a claim under 42 U.S.C. § 290ee-3. Plaintiff amended his complaint to assert a claim under that provision instead of the provision first cited: 42 U.S.C. § 290dd-3(f). Both statutory provisions have been omitted from the United States Code, however.

2

Act; (3) 5 U.S.C. § 552a of the Privacy Act; (4) the Rehabilitation Act, 29 U.S.C. § 791 *et seq.*; and (5) Title VII of the Civil Service Reform Act. Plaintiff also asserts a state law claim for intentional infliction of emotional distress.

**A. Claim Under Title VII of the Civil Rights Act**

The Supreme Court held in *Brown v. General Services Administration*, 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976), that Title VII of the Civil Rights Act is the <u>exclusive remedy</u> for federal employees asserting claims of employment discrimination. Furthermore, the Court discussed the requirement that each claimant seek relief at the administrative level before filing suit.

> Section 717(c) permits an aggrieved employee to file a civil action in a federal district court to review his claim of employment discrimination. <u>Attached to that right, however, are certain preconditions</u>. Initially, the <u>complainant must seek relief in the agency that has allegedly discriminated against him</u>. He then may seek further administrative review with the Civil Service Commission or, alternatively, he may, within 30 days of receipt of notice of the agency's final decision, file suit in federal district court without appealing to the Civil Service Commission. If he does appeal to the Commission, he may file suit within 30 days of the Commission's final decision. In any event, the complainant may file a civil action if, after 180 days from the filing of the charge or the appeal, the agency or Civil Service Commission has not taken final action.

425 U.S. at 833, 96 S.Ct. at 1968 (emphasis supplied).

3

Plaintiff alleges he was sexually harassed by "a senior female co-worker" in violation of Title VII. (Plaintiff's response, at 11.) In his thorough account of the events that have transpired, plaintiff nowhere mentions any effort to "seek relief in the agency that has allegedly discriminated against him." Moreover, nothing in plaintiff's evidentiary submissions suggests he undertook such an effort. This court, therefore, has no jurisdiction over plaintiff's claim (or claims) of employment discrimination as alleged. Thus, defendants' Rule 12(e) motion for a more definite statement is due to be granted for any such claim.

Plaintiff must file a more definite statement detailing the agency procedures he invoked <u>prior to filing this lawsuit</u>, to satisfy this court that he has exhausted all available administrative remedies. Plaintiff must file such statement on or before April 5, 1999. Failing a satisfactory showing, this court will dismiss plaintiff's Title VII claim (or claims) for employment discrimination for lack of subject matter jurisdiction.

**B. Claim Under the Rehabilitation Act**

Claims based upon the Rehabilitation Act, 29 U.S.C. § 791 *et seq.*, also require the exhaustion of administrative remedies. *See, e.g., Prewitt v. United States Postal Service*, 662 F.2d 292, 304

4

(5th Cir. Unit A, Nov. 1981); 29 U.S.C. § 794a(a)(1). Plaintiff, therefore, must submit a more definite statement as described above. In addition, plaintiff must include appropriate allegations identifying what decisions or conduct of defendants he alleges constitutes discrimination under the Rehabilitation Act.

### C.  Claim Under the Civil Service Reform Act

Moreover, based on the allegations of the complaint, this court cannot presently determine whether plaintiff properly exhausted the administrative requirements that are a condition for this court to exercise jurisdiction under the Civil Service Reform Act (CSRA). *See generally Ferry v. Hayden*, 954 F.2d 658, 661 (11th Cir. 1992). Consequently, the court will require plaintiff to submit a more definite statement for this claim as well. Moreover, the court requests that plaintiff specifically identify the prohibited personnel decisions which are the basis of this claim.

### D.  Claim for Intentional Infliction of Emotional Distress

To the extent plaintiff asserts a claim for intentional infliction of emotional distress for any personnel actions taken by his employer (*e.g.*, appointments, promotions, disciplinary actions, transfers or reassignments, performance evaluations, or significant changes in duties and responsibilities inconsistent with the

5

employee's job), such claim is preempted by the CSRA. *See Broughton v. Courtney*, 861 F.2d 639, 643 (11th Cir. 1988). The court will allow plaintiff to file a more definite statement if he intends to allege a claim for actions that are not "personnel actions" covered by the CSRA.

To the extent plaintiff asserts a claim for intentional infliction of emotional distress against defendants Jones and Reno, such claims are due to be dismissed, in part, because these defendants are entitled to immunity for their official duties. *See generally Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

E.  **Claim Under § 2302(b)(8) of the Whistleblower Protection Act**

Defendants correctly assert that 5 U.S.C. § 2302(b) creates no subject matter jurisdiction in this court. (*See* Defendants' memorandum, at 7-8.) If plaintiff is seeking review of the Merit Systems Protection Board's decisions, he needed to file suit in the United States Court of Appeals for the Federal Circuit on or before October 16, 1998. Instead, plaintiff brought his claims to this court, and did so on November 2, 1998.[2]

---

[2] The court notes that each of the three decisions rendered by the MSPB clearly states the conditions for obtaining judicial review, including the address of the Federal Circuit. (*See* Submission of administrative decisions.)

6

Accordingly, defendants' 12(b)(1) motion to dismiss is due to be granted as to this claim.

**F. Claim Under 5 U.S.C. § 552a of the Privacy Act**

Claims based upon the Privacy Act must be filed within two years of the date of the objectionable conduct. 5 U.S.C. § 552a(g)(5). The latest date upon which plaintiff arguably could assert a violation of the Privacy Act occurred sometime in January of 1996. Thus, plaintiff should have filed his claim no later than January of 1998. Plaintiff commenced this action on October 15, 1998, however. Hence, his Privacy Act claims also are untimely,[3] leaving this court without subject matter jurisdiction. *See, e.g., Bowyer v. United States Dept. of the Air Force*, 875 F.2d 632, 635 (7th Cir. 1989).

Moreover, the court is not convinced plaintiff has stated a claim under the Privacy Act, notwithstanding the time bar. Plaintiff alleges there was "verbal release of information about the plaintiff contained in his EAP medical file at MSFC by Mr. Frank Bynum." (Plaintiff's response, at 3.) Plaintiff fails to allege the actual disclosure of "any record which is contained in

---

[3] Plaintiff acknowledges the claims are untimely, but requests "a waiver on the Privacy Act time statute." (Plaintiff's response, at 20.) This request, the basis of which appears to be that NASA and the Department of Justice refused to pursue criminal prosecution for the conduct plaintiff alleges, is denied.

7

a system of records." 5 U.S.C. § 552a(b). Rather, he cites Bynum's effort to obtain plaintiff's medical file as "[t]he most flagrant violation." This claim notwithstanding, plaintiff asserts that Bynum's effort was unsuccessful and the request for disclosure of records was denied. (*See* Plaintiff's response, at 3.) Furthermore, he alleges that certain meetings involved discussion of information which can be found in the agency's records. Finally, plaintiff's submissions are replete with evidence that plaintiff himself made such information public in the workplace, not that anyone in the agency disseminated such information through disclosure of agency records.

### III. MOTION TO DISMISS DEFENDANTS RENO AND JONES

Plaintiff has alleged no facts that would support a claim, whether one identified in the pleadings or not, against defendants Reno and Jones. Defendants' motion is due to be granted.

### IV. CONCLUSION

An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this **23rd** day of March, 1999.

_____
United States District Judge

*Nota bene*: Although the court excluded such information from its consideration of the motions addressed in this memorandum opinion, the court cautions the parties that future submissions of "matters outside the pleadings" may force this court to consider the Rule 12(b)(6) motions to dismiss as motions for summary judgment pursuant to Rule 56. *See* Fed. R. Civ. P. 12(b).

9