FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

99 APR 26 PM 1:25

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JOE MATTHEW JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DANIEL S. GOLDEN, | ) |
| Administrator, NASA, | ) |
| | ) |
| Defendant. | ) |

Civil Action No. CV-98-S-2613-NE

ENTERED

APR 27 1999

MEMORANDUM OPINION

Plaintiff, Joe Matthew Jones, proceeding *pro se*, commenced

this action on October 10, 1998, seeking redress under several

federal statutes and also asserting a supplemental state law claim

for intentional infliction of emotional distress.   He seeks

reinstatement at NASA's Marshall Space Flight Center ("MSFC") in

Huntsville, Alabama, or an award of "$5,000,000 for intentional

infliction of emotional distress." (Complaint, ¶ 5.)   This court

dismissed certain claims and defendants in an order entered March

23, 1999 (Doc. No. 23), leaving the following claims pending

against defendant, Daniel S. Golden:  (1) claim for sexual

harassment[1] under Title VII of the Civil Rights Act of 1964 as

amended, 42 U.S.C. § 2000e *et seq.*; (2) claim under the

---

[1] To the extent plaintiff ever alleged a claim for constructive discharge,
he now appears to have abandoned such claim.  In any event, this court would not
be the proper forum for that claim.  *See* Wall v. United States, 871 F.2d 1540,
1543 (10th Cir. 1989).

Rehabilitation Act, 29 U.S.C. § 791 *et seq.*; (3) Title VII of the Civil Service Reform Act ("CSRA"), found interspersed in Title Five of the United States Code; and (4) a state law claim for intentional infliction of emotional distress. On April 5, 1999, Jones filed a more definite statement (Doc. No. 24) as ordered by this court. Golden has since filed a response in the form of an answer (Doc. No. 25), a second motion to dismiss (Doc. No. 27), a memorandum of law in support of that motion, and the declaration of William A. Hicks, Chief Counsel for MSFC (Doc. No. 28).[2] This action presently is before the court on Golden's motion to dismiss.

## I. DISCUSSION

### A.  Claim Under Title VII of the Civil Rights Act

In the memorandum opinion entered on March 23, this court discussed the administrative prerequisites a plaintiff must satisfy for the court to exercise jurisdiction over a Title VII claim. This court then said it had "no jurisdiction over plaintiff's claim (or claims) of employment discrimination as alleged," and cautioned that "[f]ailing a satisfactory showing, this court will dismiss plaintiff's Title VII claim (or claims) for employment discrimination for lack of subject matter jurisdiction." (Doc. No.

---

[2] The court considers this evidentiary submission solely for purposes of defendant's Rule 12(b)(1) motion to dismiss the claim for intentional infliction of emotional distress.

2

22 at 4.)

In his latest filing, Jones details the extensive efforts he undertook at the administrative level. (*See* Plaintiff's more definite statement, pp. 2-5.) Such efforts notwithstanding, Jones did not take his grievance to an EEO Counselor within the forty-five day period as the administrative regulations demand. *See* 29 C.F.R. § 1614.105(a)(1). According to Jones, he "[c]ontacted the Equal Employment Office (EEO) at MSFC on or about April 5, 1996, to file a complaint about alleged discrimination." (*Id.* at 2.) Considering the many allegations Jones makes regarding harassment, the latest date any alleged harassment occurred is January 16, 1996. (*See* Complaint, attachment at p.4.) Thus, Jones failed to timely exhaust his administrative requirements.

Nevertheless, the administrative regulations provide for an extension of the 45-day period under certain circumstances.

> The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have ... known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

3

29 C.F.R. § 1614.105(a)(2). If Jones' situation does not fall within the exception, this court is devoid of subject matter jurisdiction. Jones must file a brief to show cause why this court should not dismiss this claim for failure to exhaust his administrative requirements in a timely fashion. That brief must demonstrate either that "[t]he agency or the Commission" did in fact extend this limitations period, or that the agency or Commission erred in not so extending under the circumstances.

**B. Claim Under the Rehabilitation Act**

To state a claim under the Rehabilitation Act, 29 U.S.C. § 791 *et seq.*, Jones must allege facts that would permit a finding that he is disabled within the meaning of the Act and relevant regulations. *See Jackson v. Veterans Administration*, 22 F.3d 277, 278 (11th Cir. 1994). The Sixth Circuit offered guidelines for such a claim:

> To assert a claim that he was discriminated against because of a physical handicap, [plaintiff] must satisfy the threshold requirement that he is a [disabled] person as defined by the statute. A [disabled] person is one who "has a physical or mental impairment which substantially limits one or more such person's major life activities." ... "Major life activities" is defined in [the regulations] as "functions, such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working."

*Jasany v. United States Postal Service*, 755 F.2d 1244, 1248 (6th

4

Cir. 1985). The Seventh Circuit echoed the Sixth:

> To succeed in his claim, however, [plaintiff] must first "satisfy the threshold requirement that he is a [disabled] person as defined by the statute." *Jasany v. United States Postal Service*, 755 F.2d 1244, 1248 (6th Cir. 1985); *Forrisi v. Bowen*, 794 F.2d 931, 933 (4th Cir. 1986). The Rehabilitation Act defines an individual with a disability, as a "person who ... has a physical or mental impairment which substantially limits one or more of such person's major life activities ... [or] is regarded as having such impairment." ... "Major life activities" are defined as "functions, such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working," ... and the phrase "regarded as having such an impairment" in the Act is defined in pertinent part as a person who "has none of the [above described] impairments ... but is treated by an employer as having such an impairment." ... The burden is on the plaintiff to establish that he is disabled as defined above.

*Hamm v. Runyon*, 51 F.3d 721, 724 (7th Cir. 1995).

Jones must inform this court why and how he should be considered disabled under the Rehabilitation Act.

## C. Claim Under the Civil Service Reform Act

Joe Matthew Jones alleges the Deputy Personnel Director at MSFC interfered with his attempt to file a grievance regarding a work "detail." (*See* Plaintiff's more definite statement, at 5.) As defendant argues, Jones pursued this claim at the administrative level before the Merit Systems Protection Board. (*See* Defendant's memorandum of law, at 2-3.) He received an unfavorable decision,

5

and did not pursue the avenues available to him for review of that decision.   Moreover, Jones did not pursue the proper means of recourse for an unfair labor practice.   In any event, filing suit directly in this court and this far removed from the date of the conduct at issue is not a method of recourse available to Jones on this claim.   This court does not have subject matter jurisdiction over Jones' claim alleged under the CSRA.   Golden's motion to dismiss for lack of subject matter jurisdiction is due to be granted.

**D.   Claim for Intentional Infliction of Emotional Distress**

Jones presents only allegations of tortious conduct in his more definite statement.   Golden presents the declaration of the MSFC official charged with assessing administrative tort claims William A. Hicks.   The declaration demonstrates that Jones has not complied with the applicable administrative requirements of the Federal Tort Claims Act found at 28 U.S.C. §§ 2675(a),[3] 2401(b).[4]

───────────────

[3] **§ 2675. Disposition by federal agency as prerequisite;   evidence**

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be

6

Therefore, this court lacks subject matter jurisdiction, leaving Jones' claim ripe for dismissal.

## II. CONCLUSION

An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this _26th_ day of April, 1999.

United States District Judge

---

deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

28 U.S.C. § 2675(a).

[4] 28 U.S.C. § 2401(b) reads as follows:

(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

7